**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **ACETRA FATAH,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**EQUIFAX INFORMATION SERVICES,** )<br>**LLC,** *et al.*, )<br>)<br>)<br>)<br>**Defendants.** )<br>) | **CIVIL ACTION NO. 5:20-CV-272 (MTT)** |

## ORDER

On March 2, 2020, the Court denied the furnisher Defendants' motions to dismiss because those "motions and [their supporting] briefs d[id] not establish they [we]re entitled to dismissal of Fatah's complaint." Doc. 39 at 10-11. However, the Court also noted that

> The complaint is deficient in at least one respect: Fatah does not allege she actually disputed the accuracy of that information. Rather, she alleges she "submitted a letter to Equifax requesting that the credit bureau remove the notation of 'account in dispute.'" Doc. 1 ¶ 9. A copy of that letter is not in the record, and she does not allege the letter informed Equifax that the "account in dispute" notation was inaccurate. In other words, Fatah makes no allegation she ever "dispute[d] . . . the completeness or accuracy" of the "account in dispute" notation. 15 U.S.C. § 1681s-2(b).
>
> As a result, it appears that she fails to state a claim.

*Id*. at 5.  The Court ordered her to show cause why her complaint should not be dismissed.  *Id*. at 5, 11.

In response, Fatah makes two arguments. First, she argues that paragraphs 8 and 9 of her complaint allege she disputed the accuracy of her credit report. Those paragraphs, in full, read:

> 8. Plaintiff no longer disputes the Errant Tradelines.
>
> 9. On February 4, 2020, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradelines reporting with a notation of "account in dispute". On or about March 31, 2020, Plaintiff submitted a letter to Equifax requesting that the credit bureau remove the notation of "account in dispute".

Fatah admits that she "did not expressly plead that she requested the dispute notation to be removed **because** she no longer disputed the furnishers' tradelines—i.e., the allegations in Paragraph 9 resulted from the allegations of Paragraph 8," but she insists that "that was Plaintiff's intent of pleading Paragraphs 8 and 9 of the complaint." Doc. 40 at 2.

Fatah's intent, of course, is not relevant to whether her complaint states a claim. Nor is Paragraph 8, which is in the present tense and, therefore, reveals nothing about whether Fatah disputed the tradeline at the time she contacted Equifax.[1] Nor does Paragraph 9 plead that she actually disputed the accuracy of any information on her credit report. Rather, it pleads she "request[ed] that the credit bureau remove the notation of 'account in dispute.'" Doc. 1 ¶ 9. But Fatah cites no authority for the proposition that a mere "request" triggers a statutory duty to investigate.[2] Put differently, a furnisher is not required to investigate any time a CRA tells them a

---

[1] And even if she had pleaded she no longer disputed the tradelines as of February 4, 2020, that would not be relevant, either. Though Fatah's allegations are imprecise, "no longer disputes" presumably means she does not subjectively take issue with the accounts. But what matters is what she communicated to Equifax and when she communicated it. Put differently, Fatah's complaint does not include an allegation that she withdrew her dispute.

[2] If Fatah finds authority to support that proposition, she may submit it with a motion for reconsideration,

consumer requested a change on the credit report.  Rather, a consumer can only trigger a duty to investigate by actually disputing the accuracy of a tradeline.  15 U.S.C. § 1681s-2(b).

Second, Fatah attaches a letter to Equifax.  That letter, which is attached to her response, is not part of the pleadings.  Nonetheless, the Court will consider it as if it were.  The letter reads:

[Equifax address]

> Dear Whoever,

[X] There are things that do not belong on my credit report for the following below reason on the below accounts:

> [listing accounts]

[X] I no longer dispute the above accounts.  Please remove all of the disputed comments from the above accounts.

> Thank you.
>
> [signature "w/ permission"]
> Acetra Fatah

The first paragraph is vague.  It let the CRA—and as alleged, the furnishers—know "[t]here are things that do not belong on [Fatah's credit report]," for yet-unspecified reasons, "on the below accounts."  The second paragraph lets the furnishers know she no longer disputes those accounts.  It then requests they "remove all of the disputed comments"—although Fatah never actually identifies which "comments" are disputed—"from those accounts."  Doc. 40-1 at 1-2.  There are several issues:

First, her statement that she no longer disputes the accounts contradicts her reference to "disputed comments."  Certainly, if Fatah had clearly stated that she disputed the "account in dispute" notations, that contradiction goes away.  But the

furnisher was not required to guess that the "disputed comments" meant the "account in dispute" notation.  Rather, in light of the vagueness, lack of detail, and generally poor draftsmanship of the letter, the most reasonable conclusion would have been that the letter simply contradicted itself.  In any event, a letter that closes with a request to "remove all of the disputed comments" does not reasonably convey the message that the consumer no longer disputes the account.

Second, Fatah's letter did not actually dispute the *accuracy* of the tradelines.  Nowhere in the letter did she claim there were any inaccuracies—only that she no longer disputed "the above accounts."

Third, and relatedly, neither the letter nor the complaint alleges the "account in dispute" notation was actually inaccurate.  There is no allegation in the letter or the complaint that she had previously withdrawn her dispute.  Accordingly, at the time Fatah received her credit report on February 4, 2020, the accounts *were* still in dispute, and the information was, therefore, accurate.  Even if the letter were clear enough to withdraw her disputes, which it was not, that does not mean the information on the February 4, 2020 credit report was inaccurate.

In short, the letter does not show that Fatah notified the furnishers that she disputed the "account in dispute" notation.  At most, Fatah's letter would have communicated that she withdrew some disputes, but retained (unspecified) others.

Because Fatah's complaint, even when construed alongside her letter, does not allege she disputed the accuracy of any information on her tradeline, the complaint fails to state a claim.

Finally, Fatah requests that if the Court determines she fails to state a claim, she should be permitted to amend.  The Court does not normally consider conditional motions to amend.  However, the Court will allow Fatah **fourteen days** to file a motion to amend.  That motion must include as an attachment the proposed **verified** amended complaint.

**SO ORDERED**, this 10th day of May, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
